# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

JAMAL WALKER                                           CIVIL ACTION

VERSUS                                                     NO. 15-6809

DARREL VANNOY                                    SECTION: "A"(1)

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, Jamal Walker, is a state inmate incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  On July 8, 2009, he was convicted of armed robbery under Louisiana law.[1] On November 9, 2009, he was found to be a third offender and was sentenced as such to a term of life imprisonment without benefit of parole, probation, or suspension of sentence.[2]  On May 10, 2011, the Louisiana Fifth Circuit Court of Appeal affirmed his conviction, habitual offender

---

[1] State Rec., Vol. 4 of 5, transcript of July 8, 2009, p. 191; State Rec., Vol. 1 of 5, minute entry dated July 8, 2009; State Rec., Vol. 1 of 5, jury verdict form.
[2] State Rec., Vol. 4 of 5, transcript of November 9, 2009; State Rec., Vol. 1 of 5, minute entry dated November 9, 2009.

adjudication, and sentence.[3]  The Louisiana Supreme Court then denied his related writ application on November 23, 2011.[4]

On August 13, 2012, petitioner filed a post-conviction application with the state district court.[5]  That application was denied on December 11, 2012,[6] and the Louisiana Fifth Circuit Court of Appeal denied petitioner's related writ application on April 15, 2013.[7]  The Louisiana Supreme Court then likewise denied relief on November 8, 2013,[8] and denied reconsideration on August 28, 2015.[9]

On December 23, 2015, petitioner filed the instant federal application for habeas corpus relief.[10]  The state has filed a response arguing that the application is untimely, that one of petitioner's claims is unexhausted, and that his two remaining two claims, though exhausted, have no merit.[11]

## **Timeliness**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his

---

[3] State v. Walker, 66 So.3d 486 (La. App. 5th Cir. 2011); State Rec., Vol. 1 of 5.

[4] State v. Walker, 76 So.3d 1149 (La. 2011); State Rec., Vol. 1 of 5.

[5] State Rec., Vol. 1 of 5.  Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  That date cannot be gleaned from the state court record with respect to the post-conviction application; however, the Court will accept as true petitioner's allegation that he placed the application in the mail on August 13, 2012.  See State Rec., Vol. 1 of 5, Letter from petitioner to Clerk of Court dated September 12, 2012.  However, in any event, the application was file-stamped by the Clerk on August 15, 2012; even if that later date is used, this federal application is still timely.

[6] State Rec., Vol. 1 of 5, Order dated December 11, 2012.

[7] State v. Cain, No. 13-KH-177 (La. App. 5th Cir. April 15, 2013); State Rec., Vol.5 of 5.

[8] State ex rel. Walker v. State, 125 So.3d 445 (La. 2013); State Rec., Vol. 5 of 5.

[9] State ex rel. Walker v. State, 174 So.3d 1160 (La. 2015); State Rec., Vol. 5 of 5.  While these post-conviction proceedings were ongoing, petitioner returned to the state district court to file a motion to amend sentence on or about June 19, 2013.  State Rec., Vol. 1 of 5. That motion was denied on August 6, 2013. State Rec., Vol. 1 of 5, Order dated August 6, 2013.

[10] Rec. Doc. 3.

[11] Rec. Doc. 13.

underlying criminal judgment becomes "final." 28 U.S.C. § 2244(d)(1)(A).[12]  On that point, the

United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  *When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court.*  Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (emphasis added).

As noted, the Louisiana Supreme Court denied relief on direct review in the instant case on November 23, 2011; therefore, petitioner's state criminal judgment became final for AEDPA purposes ninety days later on February 21, 2012.  Accordingly, the statute of limitations commenced on that date and then expired one year later, unless that deadline was extended by tolling.

Regarding the statute of limitations, the AEDPA expressly provides:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).  Here, after one hundred seventy-three (173) days elapsed, petitioner tolled his federal limitations period by filing a post-conviction application with the state district court on August 13, 2012.  Tolling then continued uninterrupted for the duration of the post-conviction proceedings, so long as he sought supervisory review in a timely manner. Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-71 (5th Cir. 2004).  The state concedes that petitioner's related writ applications were timely filed with the Louisiana Fifth

---

[12] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

Circuit Court of Appeal and the Louisiana Supreme Court.  Therefore, the federal limitations period remained tolled until at least November 8, 2013, the date on which the Louisiana Supreme Court initially denied relief on collateral review.

The timeliness of petitioner's federal application, however, turns on the amount of tolling credit, if any, to which he is entitled based on his subsequent request for *reconsideration* by the Louisiana Supreme Court.  For various reasons, the state argues that petitioner is not entitled to any tolling for that filing.

For example, the state notes that a request for reconsideration is not a proper motion.  It is true that the Louisiana Supreme Court Rule IX, § 6, provides:  "An application for rehearing will not be considered when the court has merely granted or denied an application for a writ of certiorari or a remedial or other supervisory writ …."  Nevertheless, the state's argument is foreclosed by Wilson v. Cain, 564 F.3d 702 (5th Cir. 2009).

In Wilson, the United States Fifth Circuit Court of Appeals noted that "Louisiana courts do not invariably apply Louisiana Supreme Court Rule IX, § 6 to procedurally bar motions for rehearing where the LSC has merely granted or denied a writ application."  Id. at 705.  Because the Louisiana Supreme Court applies its rule inconsistently, the Fifth Circuit held that such motions for reconsideration, despite their seeming impropriety, must be taken into account when considering the timeliness of a federal habeas petition.  Therefore, it appears that a properly filed motion for reconsideration does toll the federal limitations period.  See Tabor v. Terrell, Civ. Action No. 11-1116, 2011 WL 5325544, at *2 n.23 (E.D. La. Oct. 3, 2011) ("Although a motion for rehearing is expressly forbidden by Louisiana Supreme Court Rule IX, § 6, it appears that federal *habeas* courts must nevertheless give a petitioner tolling credit for such filings."), adopted, 2011 WL 5325540 (E.D. La. Nov. 3, 2011).

4

That said, the state also argues that, in any event, petitioner's motion for reconsideration was not "properly filed" because it was *untimely*.  At first blush, that argument would appear meritorious, because, even in those situations in which motions for rehearing are expressly permitted, they must be sought with *fourteen days* of the court's decision.  Louisiana Supreme Court Rule IX, § 1.  Here, the Louisiana Supreme Court's original decision was issued on November 8, 2013, and petitioner's motion for reconsideration was not filed until on or about June 27, 2014.[13]  However, it is arguable that petitioner's motion should nevertheless be considered timely due to the fact that, once again, the Louisiana Supreme Court appears to disregard of its own rules.  For example, in the instant case, a member of that court's Central Staff sent petitioner a letter on April 30, 2014, which stated:

> As stated in our previous letter to you, we have received your letter regarding your previous request to temporarily stay your writ.  *You should send a reconsideration of your writ application ruling dated November 8, 2013 as soon as you are able, preferably within 60 days of the date of this letter.*[14]

Petitioner complied with that deadline, and, months later, the Louisiana Supreme Court simply denied the motion for reconsideration without assigning any reasons whatsoever.[15]

In these circumstances, the undersigned is reluctant to find the motion untimely.  Although this Court has no way of knowing whether the member of the Central Staff actually had authority to grant the extension, he or she nevertheless did so.  Moreover, because the Louisiana Supreme Court gave no reasons for ultimately denying the motion actively solicited by its own staff (an action it easily could have taken in order to avoid any confusion or ambiguity in its ruling), the undersigned is unwilling simply to assume to petitioner's detriment that the extension was

---

[13] The writ application was mailed to the Louisiana Supreme Court in an envelope metered on June 27, 2014.  State Rec., Vol. 5 of 5.

[14] State Rec., Vol. 5 of 5, letter to petitioner dated April 30, 2014 (emphasis added).

[15] State *ex rel.* Walker v. State, 174 So.3d 1160 (La. 2015); State Rec., Vol. 5 of 5.

unauthorized or otherwise invalid.  When faced with such a situation, justice requires that a federal habeas court err on the side of caution.  See Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999) ("We must be cautious not to apply the statute of limitations too harshly.  Dismissal of a first habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." (quotation marks omitted)).

For the foregoing reasons, the undersigned is of the opinion that some measure of tolling must be granted based on the motion for reconsideration.  The next issue is duration of that tolling.

Normally, one would assume that the post-conviction application ceased to be "pending" for tolling purposes when the fourteen-day rehearing period expired, and that tolling did not resume until the date on which the motion for reconsideration was actually filed – in other words, leaving a substantial "gap" of untolled time during those two dates.  See Melancon v. Kaylo, 259 F.3d 401, 407 (5th Cir. 2001) ("At the point when the state limitations period expired, a petitioner is not entitled to further appellate review and, therefore, he has no application 'pending' in state court.  *A state court's subsequent decision to allow review may toll the time relating directly to the application, but it does not change the fact that the application was not pending prior to the application.  Thus, after the appeal period has lapsed, an application ceases to be pending but a subsequent properly filed application entitles the petitioner to additional tolling beginning at the time of the 'proper' filing."* (emphasis added)).

However, it must be noted that the United States Fifth Circuit Court of Appeals has tempered the harshness of Melancon by holding that an application remains pending *if* a petitioner timely sought and obtained an extension of time to seek further review.  Dixon v. Cain, 316 F.3d 553, 556 (5th Cir. 2003).  Of course, because the Louisiana Supreme Court's Rules do not on their

face even allow for such motions for reconsideration, no rules exist concerning how long a litigant would have to "timely" request an extension for the filing of the seemingly impermissible motion.[16]  Therefore, it is unclear whether petitioner would fall within the ambit of <u>Dixon</u>.

Nevertheless, the undersigned is faced with the following considerations:  The Louisiana Supreme Court appears to either consider or refuse to consider motions for reconsideration as it sees fit, regardless of what its own court rules provide, and to routinely fail to explain the basis for its rulings when it denies such motions.  Further, the United States Fifth Circuit Court of Appeals has been reluctant to rigidly apply the Louisiana Supreme Court's rules regarding such motions based on that court's inconsistent application of the rules.  Lastly, the United States Fifth Circuit Court of Appeals is hesitant to apply the AEDPA's limitations periods "too harshly."   In light of those considerations, the undersigned, out of an abundance of caution, will simply assume for the purposes of this decision that the motion for reconsideration was proper and timely[17] and, therefore, that the limitations period remained tolled for the entire period of time from August 13, 2012 (the date on which the post-conviction application was filed in the state district court) through August 28, 2015 (the date on which the Louisiana Supreme Court denied the motion for reconsideration).

---

[16] The undersigned notes that the Louisiana Supreme Court's Rules provide that no extensions of time will be granted to file motions for reconsiderations in those cases in which such motions for reconsideration are allowed.  Louisiana Supreme Court Rule IX, § 1.  However, in light of the court's willingness to disregard its own rules, as well as the letter from the Central Staff seemingly granting such an extension and the court's decision to deny relief without explanation, the undersigned is unwilling to find that Rule IX, § 1, is in any way a true indication that such motions for extension are in fact disallowed or that the justices are without any discretion to grant them when they are of a mind to do so.

[17] <u>Cf.</u> <u>Wilbon v. Jones</u>, Civ. Action No. 11-115, 2011 WL 3626672, at *1 n.11 (E.D. La. June 27, 2011) ("Because the Louisiana Supreme Court['s Central Staff] notified petitioner that an extension was granted, petitioner met the extended deadline, and there is no indication that his writ application was dismissed by that court as untimely, this Court, acting out of an abundance of caution, declines to find petitioner's Louisiana Supreme Court writ application to be untimely filed so as to adversely affect the date on which his convictions became final."), <u>adopted</u>, 2011 WL 3626669 (E.D. La. Aug. 17, 2011); <u>Hill v. Cooper</u>, Civ. Action No. 04-2588, 2007 WL 458207, at *2 n.23 (E.D. La. Feb. 8, 2007) (same).

When the limitations period then resumed running at that point, petitioner still had one hundred ninety-two (192) days of his one-year period remaining. Because his federal application was filed one hundred seventeen (117) days later on December 23, 2015, it was timely.

However, even if a petitioner's federal application is timely, he must still exhaust his state court remedies with respect to *all* of his claims before he seeks federal relief. The state argues that petitioner failed to do so in this case and, therefore, his petition should be dismissed. For the following reasons, the state is correct on that point.

### Exhaustion

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quotation marks omitted). The United States Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Rose v. Lundy, 455 U.S. 509, 518 (1982) (citations, footnote, quotation marks, and brackets omitted).

"To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (quotation marks omitted). That requirement applies to all levels of review in the state court system, meaning that a petitioner's

federal claim must have been fairly presented to "each appropriate state court *(including a state supreme court with powers of discretionary review)*." <u>Baldwin</u>, 541 U.S. at 29 (emphasis added).

In the instant case, petitioner asserts three claims: (1) there was insufficient evidence to support his conviction; (2) the identification procedure was impermissibly suggestive; and (3) petitioner received ineffective assistance of counsel in the habitual offender proceeding. The state concedes that the first two claims are exhausted but argues that the third claim is not.[18]

It is clear that petitioner's ineffective assistance of counsel claim is in fact unexhausted because he has never given the Louisiana Supreme Court an opportunity to review that claim. In his *direct*-review writ application filed with the Louisiana Supreme Court, petitioner raised *no* ineffective assistance of counsel claims.[19] In his *collateral*-review writ application filed with the Louisiana Supreme Court, petitioner raised *other* ineffective assistance of counsel claims, but not the one presented here – i.e., that his counsel was ineffective in the *habitual offender proceedings*.[20] Because the claims he raised to the Louisiana Supreme Court rested on different facts and theories than his instant claim, they do not render the instant claim exhausted. See <u>Ogan v. Cockrell</u>, 297 F.3d 349, 358 (5th Cir. 2002); <u>Burns v. Estelle</u>, 695 F.2d 847, 849-50 (5th Cir. 1983); <u>Bruce v. Deville</u>, Civ. Action No. 15-1008, 2015 WL 6440336, at *5 n.33 (E.D. La. Oct. 21, 2015); <u>Bell v. Cain</u>, Civ. Action No. 14-869, 2015 WL 4528924, at *3 (E.D. La. July 27, 2015); <u>Evans v. Rader</u>, Civ. Action No. 13-0196, 2013 WL 2154124, at *2 n.13 (E.D. La. Apr. 23, 2013).

In light of the foregoing, the undersigned finds that only two of petitioner's three claims are exhausted. As a result, the petition should be dismissed. <u>Alexander v. Johnson</u>, 163 F.3d 906,

---

[18] Rec. Doc. 13, p. 16.
[19] <u>See</u> State Rec., Vol. 5 of 5, writ application in Case No. 2011-KO-1103.
[20] <u>See</u> State Rec., Vol. 5 of 5, writ application in Case No. 2013-KH-1032.

908 (5th Cir. 1998) ("A habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice.").

## RECOMMENDATION

It is therefore **RECOMMENDED** that federal application for habeas corpus relief filed by Jamal Walker be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[21]

New Orleans, Louisiana, this twenty-first day of March, 2016.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[21] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.