UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMAL WALKER                                                CIVIL ACTION

VERSUS                                                      NO. 15-6809

DARREL VANNOY                                               SECTION: R (1)

## ORDER AND REASONS

Pro se litigant Jamal Walker petitions the Court for habeas corpus relief under 28 U.S.C. § 2254.[1] The Magistrate Judge recommends that Walker's petition be dismissed without prejudice for failure to exhaust his state court remedies.[2] Walker objected to the Magistrate Judge's Report and Recommendation (R&R) but does not dispute that his claim of ineffective assistance of counsel in his habitual offender proceedings is unexhausted.[3] Instead, Walker moves the Court to amend his petition to remove the unexhausted claim and to stay these proceedings while he exhausts that claim in state court.[4] Walker also moves for leave to amend his petition to assert new claims for habeas relief, which Walker contends he has exhausted.[5] The Court resolves Walker's "objections" (motions to stay and to amend) as follows.

A federal habeas petition should typically be dismissed if the petitioner has failed to exhaust all available state remedies. *Piller v. Ford*, 542 U.S. 225, 227 (2004)

---

[1]   R. Doc. 3.

[2]   R. Doc. 14.

[3]   *See* R. Doc. 15.

[4]   *Id.* at 3-7.

[5]   *Id.* at 3-4.

("[F]ederal district courts must dismiss 'mixed' habeas corpus petitions--those containing both unexhausted and exhausted claims.") (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). The dismissal without prejudice of a "mixed" petition, however, may result in a subsequent petition being barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that section 2244(d)'s one-year limitation period is not tolled during the pendency of federal *habeas* proceedings). In light of this dilemma, federal courts are authorized to stay a habeas petition and hold it in abeyance while a petitioner exhausts his claims in state court. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Such stays, however, are available only in limited circumstances. *Id.* A district court should stay federal habeas proceedings to allow a petitioner to exhaust state remedies only when the district court finds that (1) the petitioner has good cause for failure to exhaust his claim, (2) the claim is not plainly meritless, and (3) the petitioner has not engaged in intentional delay. *Schillereff v. Quarterman*, 304 F. App'x 310, 314 (5th Cir. 2008) (citing *Rhines*, 544 U.S. at 277-78).

Here, Walker concedes that he has failed to exhaust his state court remedies as to his claim of ineffective assistance of counsel in his habitual offender proceedings. Walker has not, however, explained this failure.[6] Without good cause to excuse Walker's failure to exhaust, a stay and abeyance is unwarranted. *See Byrd v. Thaler*, No. 4:10-cv-021, 2010 WL 2228548, at *4 (N.D. Tex. June 3, 2010) (finding it unnecessary to address

---

[6] Walker contends that he was given "erroneous advice and misdirection" from the Louisiana State Penitentiary Legal Programs Department, resulting in his submitting a "mixed" habeas petition to this Court. R. Doc. 15 at 5. These contentions address only why Walker included an unexhausted claim in his habeas petition, not why Walker failed to exhaust that claim in state court.

remaining *Rhines* factors when petitioner fails to demonstrate good cause).  Therefore, the Court DENIES Walker's motion to stay.

Nevertheless, the Court recognizes that dismissing Walker's petition without prejudice, as the Magistrate Judge recommends, would effectively preclude federal review of his exhausted claims because any subsequent petition would be barred by one-year limitations period in section 2244(d).[7]  Under these circumstances, a district court should allow a petitioner to withdraw the unexhausted claims and litigate the exhausted claims properly before the court.  *See Rhines*, 544 U.S. at 278 ("[I]f a petitioner presents a district court with a mixed petition and the court determines that a stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain habeas relief.").  Accordingly, the Court GRANTS Walker's motion to amend his habeas petition *to withdraw the unexhausted claim.*  The Court will allow Walker thirty (30) days from the entry of this order to amend his federal habeas petition by withdrawing the unexhausted claim of ineffective assistance of counsel in his habitual offender proceeding.

Walker's motion to amend his habeas petition to assert new claims, however, is another matter.  Walker submitted a handwritten motion to amend his federal petition, which reads in relevant part as follows:

---

[7]    By the Magistrate Judge's calculations, which the Court adopts, Walker filed his federal petition only seventy-five (75) days shy of the expiration of the federal limitations period.  R. Doc. 14 at 8.

> Movant further requests to amend and supplement to his habeas application these additional collateral review claims that were exhausted; listed and argued as:
>
> . . . .
>
> Two hearings were held on November 13, 2008. The state district court held that probable cause existed for the continued confinement of Walker and the motion to suppress his[8]

Walker's handwritten motion is unfinished. Several pages later in his "objections," however, Walker attaches a portion of his direct appeal brief to the Louisiana Fifth Circuit Court of Appeal. The portion Walker submits begins, "identification was denied. At that hearing Ms. Davis testified that she was at a birthday party and went outside to make a phone call. . . ."[9] A review of Walker's habeas petition and attached exhibits reveals that Walker re-wrote the first few sentences of his appeal brief in his handwritten motion to amend.[10] Construing Walker's submissions broadly, it seems that Walker's handwritten motion should be read with the incomplete portion of his appeal brief and that Walker seeks to amend his habeas petition by adding the ineffective assistance of counsel claims and claim of cumulative error that he asserted on direct appeal.

Because the Magistrate Judge has not addressed the merits of Walker's exhausted claims, which are properly before the Court, the Court defers ruling on Walker's motion to amend to assert new claims for habeas relief. This motion shall be submitted to the Magistrate Judge, to be considered with the amended petition Walker will file within thirty (30) days of entry of this order.

---

[8]     R. Doc. 15 at 3-4.

[9]     R. Doc. 15 at 10.

[10]    R. Doc. 3-1 at 4.

For the foregoing reasons, the Court DENIES Walker's motion to stay the proceedings. The Court GRANTS Walker's motion to amend his petition only to withdraw the unexhausted claim. The Court defers ruling on Walker's motion to amend his petition to assert new claims for habeas relief.

IT IS ORDERED that Walker has thirty (30) days from the entry of this order to amend his petition, alleging only those claims that the Magistrate Judge has determined are exhausted and thus properly before the Court. His amended petition should therefore address only (1) the sufficiency of the evidence and (2) whether the identification procedure was impermissibly suggestive.

IT IS FURTHER ORDERED that if Walker files his petition within the Court's deadline, the motion for leave to amend his petition by adding new claims for relief shall be submitted before the Magistrate Judge.

New Orleans, Louisiana, this __28th__ day of April, 2016.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE